Approved: _____
JOHN P. COLLINS, JR.
Assistant United States Attorney

Before:  HONORABLE JUDITH C. McCARTHY
         United States Magistrate Judge
         Southern District of New York

- - - - - - - - - - - - - - - - - X    14 mag 2767

UNITED STATES OF AMERICA          :    **SEALED COMPLAINT**

        - v. -                    :    Violation of
                                       18 U.S.C. § 641
JOSE CAPO,                        :
a/k/a "Jose Hart,"                     COUNTIES OF OFFENSE:
a/k/a "Jose S. Hart, Sr."              ROCKLAND & BRONX
                    Defendant.    :

- - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

        TONYA PERKINS, being duly sworn, deposes and says that she is a Special Agent with the Social Security Administration ("SSA"), Office of the Inspector General ("OIG"), and charges as follows:

COUNT ONE

        1. From in or about February 2006 up to and including in or about January 2014, in the Southern District of New York and elsewhere, JOSE CAPO, a/k/a "Jose Hart," a/k/a "Jose S. Hart, Sr.", the defendant, unlawfully, willfully and knowingly, did embezzle, steal, purloin and convert to her use and without authority, and did sell, convey and dispose of, in excess of $1,000 in vouchers, money and things of value of the United States and a department and an agency thereof, and did receive, conceal, and retain the same with intent to convert it to her use and gain, knowing it to have been embezzled, stolen, purloined and converted, to wit, CAPO fraudulently obtained approximately $135,401 in disability payments from the Social Security Administration, and concealed and retained such monies.

        (Title 18, United States Code, Section 641.)

1

The bases for my knowledge and for the foregoing charges are, in part, as follows:

2. I am currently employed as a Special Agent with SSA OIG and have participated in the investigation of this case. This affidavit is based upon my personal knowledge, my review of documents and other evidence, and my conversations with other law enforcement officers and other people. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all of the facts that I have learned during the course of my investigation. Where the contents of documents and the actions and statements of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3. From my review of SSA records, including records submitted to the West Nyack SSA Office, and my experience as a Special Agent with SSA OIG, I know the following about disability payments made by SSA to JOSE CAPO, a/k/a "Jose Hart," a/k/a "Jose S. Hart, Sr.", the defendant:

a. On or about February 21, 2007, "Jose S. Hart Sr." (hereinafter "Hart") filed an application for SSA disability benefits. During the application process, "Hart" listed his social security number as xxx-xx-6278. He claimed that he had "post surgical complications" concerning his right foot and also suffered from "arthritis and back pain." He alleged that his ability to work was limited because "[he had] to use a cane to walk . . . [and] cannot do heavy lifting or stay on [his] feet for long." He also alleged that he became unable to work on June 25, 2005. When asked to describe employment that he was unable to do because of his condition, he stated that his longest tenured job was as a "fish market journeyman" which he held from 2004-2005. This employment required him to "lift heavy crates of fish and stack[] them at the Fulton Fish Market." He stated that this work required him to use "fork lifts and handtrucks." In addition, he claimed to reside in Spring Valley, New York.

b. Thereafter, the SSA approved "Hart's" application and informed him that the SSA found that he became disabled on June 25, 2005. SSA also informed "Hart" that he was due a lump sum of money for the period from February 2006 through July 2007 and that he would receive monthly payments from August 2007 forward subject to his qualification for disability benefits. On or about April 5, 2007, SSA also informed "Hart", among other things, that (i) if he returned "to work (as an employee or self-employed) regardless of the amount

of earnings" such a change in status must be reported to SSA; and (ii) two of his children may be eligible for SSA benefits as well.

   c. In or about 2011, "Hart" completed a "Continuing Disability Review Report" (the 2011 Report). In that 2011 Report, he stated, among other things, that (i) he lived in Spring Valley, New York; (ii) a reconstructed right foot, upper and lower back, elbows and depression limited his ability to work; (iii) he had not worked since at least August 1, 2010. When asked to describe his usual day, "Hart" stated that he would: (a) get up in the morning and make breakfast for his son and himself; (b) help his son get ready for school; (c) take a shower; (d) do some laundry; (e) watch television; (f) make lunch; (g) take a nap; (h) help his son with his homework; (i) make dinner; (j) play video games with his son; (k) watch television with his son; (l) read a book and go to sleep. He also claimed that he "always use[s] a cane to do anything."

   d. Further, on or about September 27, 2011, "Hart" declared to the SSA, under penalty of perjury, that he was "still disabled."

   4. On July 8, 2013, I spoke with a New York State Department of Motor Vehicles (the "DMV") Investigator regarding JOSE CAPO, a/k/a "Jose Hart," a/k/a "Jose S. Hart, Sr.", the defendant. The DMV, through its facial recognition software, identified CAPO as having two driver's licenses with two different social security numbers. The Investigator informed me that CAPO has a New York State driver's license in that name with the social security number xxx-xx-2454, and a second New York State driver's license under the name "Jose Hart," using social security number xxx-xx-6278 - the same social security number used by "Hart" to apply for social security disability benefits.

   5. My review of the Social Security database records reveals that both JOSE CAPO, a/k/a "Jose Hart," a/k/a "Jose S. Hart, Sr.", the defendant, and "Jose Hart" were assigned the social security numbers listed in connection with the respective New York State driver's licenses and had the same date of birth xx-xx-1977. However, from my review of a New York database, I have determined that there is no birth certificate in New York for "Jose Hart" for that birth date.

   6. I also contacted an SSA employee to determine the amount of SSA disability benefits disbursed to JOSE CAPO, a/k/a "Jose Hart," a/k/a "Jose S. Hart, Sr.", the defendant. The SSA employee

determined that "Jose Hart" was wrongfully paid $89,957.90 for the period from in or about June 2005 through in or about January 2014 and that his two dependent children had been improperly paid $22,722.00 each.

    7.    I utilized an SSA database that contains IRS wage and earnings information. Mutiple employers reported wage information for JOSE CAPO, a/k/a "Jose Hart," a/k/a "Jose S. Hart, Sr.", the defendant, at the same time that "Jose Hart" was collecting SSA disability benefits. I spoke to one employer, located in the Bronx, New York, who employed CAPO as a forklift driver from the period in or about 2005 through in or about 2013 and paid him over $100,000 in wages during that time period. I showed him the DMV photographs of CAPO and "Jose Hart". The employer identified the photographs as both being of the person he knows as JOSE CAPO.

WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of JOSE CAPO, a/k/a "Jose Hart," a/k/a "Jose S. Hart, Sr.", the defendant, and that she be imprisoned, or bailed, as the case may be.

_____
TONYA PERKINS
Special Agent
Social Security Administration
Office of the Inspector General

Sworn to before me this
10 day of December 2014

_____
HONORABLE JUDITH C. McCARTHY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

-4-